NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: JOHN JAY MARSHALL, AKA John B. Marshall,

Debtor,

_____

STEPHANIE MARSHALL,

Appellant,

v.

RICHARD K. DIAMOND, Chapter 7 Trustee and RANDY SIMON,

Appellees.

No.    15-60058

BAP No. 15-1024

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Dunn, and Taylor, Bankruptcy Judges, Presiding

Submitted February 14, 2017**
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and HELLERSTEIN,*** District

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge.

Stephanie Marshall, appellant, appeals from the Bankruptcy Appellate Panel's (BAP) decision that she lacked standing to appeal a bankruptcy court's order excluding her associate, Patrick Pittelli, from bidding at a sales auction. We affirm the decision of the BAP.

Since the parties are familiar with the facts, we recite only so much of them as necessary to explain our decision. Stephanie Marshall claims ownership of a 1973 Ferrarri, transferred to her by her father, John Marshall, and the rights to receive royalties from the movie, *The Exorcist*. By order of the Los Angeles Superior Court, in a lawsuit filed to enforce a judgment by a creditor of John Marshall, Randy Simon, the Ferrarri was seized, and, by a stipulation signed by the Marshalls, the royalties from *The Exorcist* were assigned to the trustee of John Marshall's bankrupt estate. The bankruptcy court then held an auction for the Ferrarri, the royalties, and claims on behalf of creditors against the Marshalls.

The issue is whether at the auction, a bidder, Patrick Pittelli, could bid with money pooled from the Marshalls. The bankruptcy court did not allow the bid, holding that bids that included funds from the Marshalls were forbidden. The BAP dismissed Stephanie Marshall's appeal on the ground that she lacked standing.

***

***    The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

2

Stephanie Marshall now appeals. We have jurisdiction pursuant to 28 U.S.C. § 158(d).

We review standing *de novo* as a question of law. *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010). To have Article III standing, a litigant must demonstrate that:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000)).

Marshall fails to meet these requirements. First, the order by the bankruptcy court to set aside Pittelli's bid did not seize the Ferrari or royalties. That was done by the order of the Los Angeles Superior Court and the stipulation transferring royalties to the bankruptcy trustee. Stephanie Marshall's injury is not "fairly traceable" to the bankruptcy court's order to exclude Pittelli's bid.

Second, Marshall's injury could not be redressed by a favorable decision of the BAP. Marshall's claim speculates that Pittelli will win the auction and cause the Los Angeles Superior Court action to be dismissed, but speculation does not satisfy the requirements of standing. *See Clapper v. Amnesty Int'l USA*, —— U.S.

3

——, 133 S. Ct. 1138, 1150 n.5 (2013) ("Plaintiffs cannot rely on speculation about the unfettered choices made by independent actors not before the court." (internal quotation marks omitted)).

Third, absent a showing that Pittelli lacked the ability to bring his own appeal, Marshall does not have standing to complain about an injury to Pittelli. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[E]ven when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."); *Wasson v. Sonoma Cty. Junior Coll.*, 203 F.3d 659, 663 (9th Cir. 2000).

For these reasons, we affirm the BAP.

**AFFIRMED.**